In the Matter of the Estate of ILIJA KRIMER, Deceased. MARIA BRICKER et al., Appellants; WILLIAM D. KRIMER, et al., Respondents.— In a proceeding to probate the last will and testament of the decedent, the parties appeal as follows from a decree and order of the Surrogate's Court, Queens County, rendered July 20, 1960 upon the oral decision of the court after a jury trial on framed issues: (1) The objectant, the decedent's widow (an incompetent), by her special guardian, appeals: (a) from so much of the decree, entered on a directed verdict, as admitted the will to probate and as fixed said special guardian's fee at $4,500; and (b) from the order, which denied the motion of the objectant, Maria Bricker, decedent's daughter, to set aside the directed verdict and for a new trial. (2) The objectant Maria Bricker appeals: (a) from so much of said decree as admitted the will to probate, and (b) from said order. Decree, insofar as appealed from, and order, affirmed, with one bill of costs to the proponent William D. Krimer and one bill of costs to the special guardian for the objectant widow, payable out of the estate. No opinion. Brennan, Hill, Rabin and Hopkins, JJ., concur; Beldock, P. J., concurs in the affirmance of the decree insofar as it relates to the special guardian's fee, but otherwise dissents from the affirmance of the decree and order; and votes to reverse the decree insofar as it admits the will to probate, to reverse the order denying the motion to set aside the verdict and for a new trial, and to grant a new trial, with the following memorandum: The will admitted to probate was executed about 10 months before decedent died. When he died, at the age of about 83, he was then suffering from cerebral arteriosclerosis, brain cancer, blindness in his left eye and glaucoma in his right eye. He could not read or write English. The three attesting witnesses were all witnesses interested in having the will admitted to probate. The will was drawn by the son's attorneys; the son was the intermediary between the testator and the attorneys; and it was the son who brought the testator to the attorneys' office on the day of the execution of the will. Under the plan of this will, 90% of an estate totaling over $500,000 was given to the son and only 10% to the daughter, whereas under the plan of a prior will, drawn in 1953 by the testator's attorneys, 60% was given to the son and 40% to the daughter. In my opinion, these circumstances are sufficient to require the objections to the will to be submitted to a jury for determination.